IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Harley D. Combs, as the Owner of a 2021 Sea Hunt Ultra 234 Hull Identification Number SXSY00571021, for Exoneration from or Limitation of Liability | ) ) ) CIV. ACT. NO. 1:24-cv-380-TFM-N ) ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Limitation Plaintiff's Motion for Default Judgment* (Doc. 25) and brief in support (Doc. 26) against all non-filing parties. The Court finds that the motion is due to be **GRANTED** for the reasons articulated below.

### I. FACTUAL BACKGROUND

On October 11, 2024, the Limitation Plaintiff filed his Limitation Complaint, pursuant to the federal Limitation of Liability Act, 46 U.S.C. §§ 30501 et seq., and Supplemental Rule F for any and all claims arising from a fire that occurred at the Dauphin Island Marina on Dauphin Island, Alabama, on August 20, 2024 (hereinafter, the "Fire") as more fully described in the Limitation Complaint. *See* Doc. 1. The Limitation Complaint contained sufficient factual allegations to establish this Court's subject-matter jurisdiction. Furthermore, the Limitation Complaint contained sufficient facts that when accepted as true, stated a plausible claim for exoneration from and limitation of liability.

On October 14, 2024, the Limitation Plaintiff filed his Motion to Approve Security and for Publication and Stay. *See* Doc. 4. On October 24, 2024, the Court entered its Order Accepting Security and its Order for Publication and Stay. See Docs. 10, 11. On October 31, 2024, the Court entered its Amended Order for Publication and Stay (hereinafter, the "Publication Order"). *See* Doc. 13. The Publication Order directed potential claimants to file their claims with the Clerk of

the Court, the United States District Court for the Southern District of Alabama, Southern Division and to serve on or mail to the Limitation Plaintiff's counsel a copy thereof on or before January 6, 2025, or be defaulted. *Id*. The Publication Order also directed the Limitation Plaintiff to publish the Notice in The Lagniappe Daily once per week for four (4) consecutive weeks before January 06, 2025, and to mail a copy of the Notice to every person known to have made or who may make a claim arising out of the Fire no later than the day of the second publication. *Id*.

The Limitation Plaintiff has complied with the requirements of the Publication Order and Supplemental Admiralty Rules F(4) and F(6). *See* Doc. 21, Notice of Compliance with Supplemental Admiralty Rules F(4) and F(5).

The deadline for receipt of claims and answers was January 6, 2025, and as of that date only Kenneth Cuevas filed a claim and D.I. Marina, LLC filed their respective claim and answer. *See* Docs. 16, 19. No other party filed a claim or answer.

On January 14, 2025, the Limitation Plaintiff submitted his Motion for Entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55. *See* Doc. 22. On January 17, 2025, the Clerk of Court entered a Clerk's Entry of Default against all non-appearing parties (hereinafter, the "Defaulted Parties") and non-asserted claims (hereinafter, the "Defaulted Claims"). *See* Doc. 23.

Limitation Plaintiff now moves for entry of default judgment as to all non-filing/appearing parties.

## II. DISCUSSION AND ANALYSIS

As summarized in the *Matter of Freedom Marine Sales LLC*, Civ. Act. No. 8:19-cv-00939-T-30SPF, 2019 WL 3848875, *1-2, 2019 U.S. Dist. LEXIS 138275, * 1- 6 (M.D. Fla. Jul 31, 2019) (entering default judgment against parties who failed to respond, answer or appear):

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided ..." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the limitation proceeding ... the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks.... as required by Supplemental Rule F(4)..... Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to

> this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules.
>
> The Court's Order and Notice of Monition expressly and clearly stated.... the deadline for filing a claim..... and that a consequence of failing to file a timely claim was default.... The deadline mandated by the Court for filing claims has expired.....
>
> Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

*Id.*

Thus, entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations. *Id.*; *see, e.g.*, *Matter of Heningburg*, Civ. Act. No. 1:19-00341-KD-N, 2019 WL 5431319, *1, 2019 U.S. Dist. LEXIS 183074, * 1 (S.D. Ala. Oct. 22, 2019); *In re: In the Matter of the Complaint of Shawna Raye, LLC*, Civ. Act. No. 2:15-cv-770-FtM-99CM, 2016 WL 3579018, *1, 2016 U.S. Dist. LEXIS 83734, *1 (M.D. Fla. May 9, 2016), *report and recommendation adopted* 2016 WL 3525001, *1, 2016 U.S. Dist. LEXIS 83732, *1 (M.D. Fla. Jun. 28, 2016); *In re: Ruth*, Civ. Act. No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, *1, 2016 U.S. Dist. LEXIS 120768, *1 (M.D. Fla. Aug. 23, 2016) *report and recommendation adopted* 2016 WL 4667385, *1, 2016 U.S. LEXIS 120549, *1 (M.D. Fla. Sept. 7, 2016); *In re Petition of Holliday*, Civ. Act. No. 6:14-cv-1709-ORL-28DAB, 2015 WL 3404469, *1, 2015 U.S. Dist. LEXIS 67856, *1; *In the Matter of Reef Innovations, Inc.*, Civ. Act. No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, *2, 2012 U.S. Dist. LEXIS 7474, *2 (M.D. Fla. Jan. 6, 2012); *In the Matter of X–Treme Parasail, Inc.*, Civ. Act. No. 10-00711 SOM/BMK, 2011 WL 4572448, *1, 2011 U.S. Dist. LEXIS 116739, *1 (D. Haw. Sept. 12, 2011).

Petitioner/Limitation Plaintiff has complied with the publication notice requirements per Supplemental Rule F(4). The Court's Order and Publication Notice identify the consequences for

failure to file claims within the time ordered, including potential default. Such notice by publication (and mail) satisfies due process as to any potential claimants. The time for filing any claims against the Petitioner/Limitation Plaintiff has expired. Entry of default judgment is proper when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the subject of this case had to file a claim by January 6, 2025. Thus, those parties that have already been found to be in default are now properly subject to entry of a default judgment.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Petitioner's motion for entry of final default judgment against all non-filing/appearing parties (Doc. 25) is **GRANTED** such that **DEFAULT JUDGMENT** shall be entered in favor of Petitioner and against all non-filing/appearing parties (parties that have not answered or filed claims) with regard to this case – i.e. any and all claims arising from a fire that occurred at the Dauphin Island Marina on Dauphin Island, Alabama, on August 20, 2024

This matter remains pending against the remaining claimant D.I. Marina LLC. The remaining parties are reminded that their Rule 26(f) Report is due to the Magistrate Judge on or before **February 18, 2025**. *See* Doc. 24.

**DONE** and **ORDERED** this 3rd day of February 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE